IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ARTHUR L. ROBERTSON, §<br>  #00810677, §<br>          PETITIONER, §<br>                             §<br>v.                           §   CIVIL CASE NO. 3:20-CV-3169-X-BK<br>                             §<br>DIRECTOR, TDCJ-CID, §<br>          RESPONDENT. § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States magistrate judge for case management, including findings and a recommended disposition where appropriate. As detailed here, Robertson's successive petition should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.

**I. BACKGROUND**

In 1997, Petitioner Arthur L. Robertson was convicted of murder and sentenced to 90 years' imprisonment. *State v. Robertson*, No. F97-03335 (Criminal Dist. Ct. No. 3, Dallas Cty., Tex., Dec. 12, 1997), *aff'd*, No. No. 05-98-00089-CR, 2000 WL 10297, at *1 (Tex. App.—Dallas Jan. 7, 2000, pet. ref'd). Robertson unsuccessfully challenged his conviction in state and federal habeas proceedings. *See Ex parte Robertson,* WR-78,448-01 (Tex. Crim. App. June 13, 2001) (denying state habeas application); *Robertson v. Cockrell*, No. 3:01-CV-1314-D, 2003 WL 21448368, at *1 (N.D. Tex. Apr. 18, 2003) (denying federal petition), *certificate of appealability denied*, No. 03-10504 (5th Cir. Nov. 4, 2003), *cert. denied*, No. 03-9545 (U.S. June 1, 2004).

Subsequently, Robertson filed his second federal habeas petition, which was dismissed as successive. *See Robertson v. Thaler*, 3-10-CV-1101-P, 2010 WL 2774693, at *1 (N.D. Tex. June 7, 2010), *R. & R. adopted*, 2010 WL 2774601 (N.D. Tex. July 12, 2010). Robertson then filed two motions for authorization to file a successive federal habeas petition that the United States Court of Appeals for the Fifth Circuit denied. *See In re Robertson*, No. 11-11077 (5th Cir. Jan. 4, 2012); *In re Robertson*, No. 17-10886 (5th Cir. Sep. 25, 2017). He also unsuccessfully filed six more state habeas applications challenging this conviction, which the Texas Court of Criminal Appeals denied or dismissed as successive. *See Ex parte Robertson*, Nos. WR-78,448-02 -04, -05, -06, -07, -08.

By this action, Robertson again seeks to challenge his murder conviction. Doc. 3 at 2. He asserts a gateway actual innocence claim based on allegedly newly discovered evidence—an amended affidavit from a forensic pathologist, as well as related *Brady*, prosecutorial misconduct, and ineffective assistance of counsel claims. Doc. 3 at 6-10; *see also* Doc. 4 (*Memorandum of Law in Support*). Relying on 28 U.S.C. § 2244(d)(1)(D), Robertson contends that this Section 2254 habeas petition is timely filed. Doc. 3 at 11.[1]

**II. ANALYSIS**

28 U.S.C. § 2244(b) limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. In general, to raise a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by

---

[1] Although Robertson did not submit a motion to proceed *in forma pauperis* or pay the filing fee, it is more efficient to transfer the successive petition than to require compliance with this Court's filing requirements.

2

clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. See 28 U.S.C. § 2244(b)(2). Before a petitioner may file his application in the district court, however, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing. See 28 U.S.C. § 2244(b)(3)(A) and (B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the Court of Appeals has first granted the petitioner permission to file such a petition. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam) (Section 2255 motion); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (Section 2254 habeas petition).

The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this Court to consider the successive petition in this case. Because Robertson must obtain such an order before he can file a successive application challenging his conviction, his Section 2254 petition should be transferred to the United States Court of Appeals for the Fifth Circuit. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

### III. CONCLUSION

For the foregoing reasons, Robertson's successive habeas petition should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit. See 28 U.S.C. § 2244(b)(3); 28 U.S.C. § 1631.

**SO RECOMMENDED** on October 23, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).